UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IKEEM FOWLER-WASHINGTON,

              Plaintiff,

-against-

THE CITY OF NEW YORK, JOHN DOEs 1-10,

              Defendants.
-----------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

The Plaintiff, IKEEM FOWLER-WASHINGTON, by his attorney, The Rameau Law Firm, alleges the following, upon information and belief for this Complaint:

## INTRODUCTION

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 against the individual police officers identified herein and their employer, the City of New York.

## PARTIES, VENUE AND JURISDICTION

2. Plaintiff IKEEM FOWLER-WASHINGTON is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

3. At all relevant times hereinafter mentioned, Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its

agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and its employees.

4. At all relevant times hereinafter mentioned, defendants John Does One through Ten were individuals employed by the City of New York as members of the NYPD whose actual and complete identities are not known to plaintiff at this time. The Doe defendants are sued herein in their individual and official capacities.

5. This Court has subject matter jurisdiction over the federal claims pursuant to 42 U.S.C. §1983.

6. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## FACTUAL ALLEGATIONS

7.  Plaintiff is an African-American male.

8.  On or about December 16, 2017, at approximately 6:00 a.m., plaintiff was inside his home at 14-30 Red Fern Avenue, apartment 1E, in the County of Queens, City and State of New York.

9.  Plaintiff was in bed sleeping when defendants attacked plaintiff.

10.  The defendants hit Plaintiff about his face with an object and struck Plaintiff's body numerous times causing plaintiff severe pain and disfigurement.

11.  Plaintiff bled and asked for medical assistance.

12.  Plaintiff was denied medical assistance for some time.

13.  Plaintiff was then transported to Jamaica Hospital where his injuries were assessed and treated.

14.  Several stitches were applied to seal deep gashes on Plaintiff's face.

15.  The defendants transported plaintiff to a police precinct.

16.  When at the precinct, plaintiff bled profusely.

17.  Plaintiff was later transported to Central Booking.

18.  At Central Booking, plaintiff was arraigned on various charges based on fabricated claims by one or more defendants.

19.  As a result of the Defendants' actions, Plaintiff suffered loss of liberty, loss of reputation, mental, physical and emotional harm of a permanent nature.

20.  At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each

other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

21. At no point in time was it reasonable or necessary to use any force against the plaintiff, much less the force that was actually used, nor could a reasonable officer have believed that the use of such force was reasonable or necessary.

22. At all relevant times herein, the defendants were on duty and acting within the scope of their employment.

23. At all relevant times herein, each of the individual defendants participated directly in the assault on plaintiff and the affirmative efforts to cover up that assault thereafter.

24. The defendants attempted to cover up their use of excessive force by lying about their actions even though no probable cause existed for plaintiff's arrest.

25. To the extent that any of the defendants did not participate personally in this misconduct and assault on plaintiff, each such defendant was aware of the misconduct, yet failed to take any reasonable steps or make any reasonable effort to prevent or limit such misconduct from occurring or continuing.

26. Thus, each defendant is responsible for the assault on plaintiff and the subsequent cover up both for his direct participation in this conduct and his failure to intervene in his co-defendants' misconduct.

27.     In so doing, the individual defendants engaged in a joint venture and assisted each other in performing the various actions described, and lent each other their physical presence and support, as well as the authority of their office during these events.

**FIRST CLAIM FOR RELIEF**
**§1983 CLAIM AGAINST THE INDIVIDUAL DEFENDANTS**

28.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.     The defendants, individually and collectively, used physical force against plaintiff that was unreasonable and unnecessary, and wholly without justification.

30.     The defendants further failed to intervene in each other's misconduct, and then affirmatively sought to cover up said misconduct by lying about the excessive force, the failure to intervene, and the falsified version of the facts surrounding the arrest of plaintiff.

31.     To the extent that any one of the individual defendants did not personally engage in the use of force against plaintiff or the fabrication of evidence concerning plaintiff's arrest, or any of the other unconstitutional conduct alleged herein, he or she witnessed this conduct as it occurred, was aware that it was occurring or would occur, had an ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

32.     By so doing, the individual defendants subjected plaintiff to excessive force and thereby violated, and aided and abetted in the violation of,

plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

33.    By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

**SECOND CLAIM FOR RELIEF**
**UNREASONABLE FORCE UNDER 42 U.S.C. § 1983**

34.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35.    Defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

36.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

37.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**THIRD CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

38.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39.    As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated

and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

40.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

41.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.    Defendants searched plaintiff in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

43.    As a result of the foregoing, plaintiff was subjected to an illegal and improper search.

44.    The foregoing unlawful search violated plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

45.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46.    Defendants misrepresented and falsified evidence before the District Attorney.

47.    Defendants did not make a complete and full statement of facts to the District Attorney.

48.    Defendants withheld exculpatory evidence from the District Attorney.

49.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

50.    Defendants lacked probable cause to initiate criminal proceedings against  plaintiff.

51.    Defendants acted with  malice in initiating criminal proceedings against plaintiff.

52.    Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

53.    Defendants lacked probable cause to continue criminal proceedings against plaintiff.

54.    Defendants acted with  malice in continuing criminal proceedings against Plaintiff.

55.    Defendants misrepresented evidence throughout all phases of the criminal proceedings.

56.    As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

57.    Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

58.    Defendants acted with intent to do harm to plaintiff without excuse or justification.

8

59.	As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

60.	Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61.	Defendants issued legal process to place plaintiff under arrest.

62.	Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

63.	Defendants acted with intent to do harm to plaintiff without excuse or justification.

64.	As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE

65.	Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

66.	Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

67.    Accordingly, the defendants who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

68.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

69.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

70.    The individual defendants created false evidence against Plaintiffs.

71.    The Individual defendant forwarded false evidence to prosecutors in the Kings County District Attorney's office.

72.    In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated Plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

73.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## NINTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

74.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

75.    Not only has the municipal defendant effectively ratified such misconduct by NYPD members generally, the foregoing violations of plaintiff's

federal constitutional rights and injuries were further directly, foreseeably, proximately, and substantially caused by conduct, chargeable to the defendant City of New York, amounting to deliberate indifference to the constitutional rights of persons, including plaintiff, who are subjected to excessive force and other misconduct by officers the NYPD know have a demonstrated history of such misconduct.

76.     Upon information and belief, the municipal defendant was on notice prior to December 16, 2017, that the individual defendants had a history of engaging in misconduct. Notwithstanding such notice, the NYPD failed to take any meaningful supervisory action or otherwise reasonably respond to the defendants' conduct, covered up their further misconduct, and left the defendants in place to continue their pattern and practice of unconstitutional behavior.

77.     Upon information and belief, each of the individual defendants has also amassed a number of civilian complaints for a variety of misconduct.

78.     Notwithstanding the litany of complaints concerning the defendants' prior misconduct, the City of New York continued to employ the defendants without any change in their status.

79.     Moreover, there were, on information and belief, no meaningful investigations into these complaints, and certainly no attempt whatsoever by the NYPD or the City of New York to examine the defendants' general conduct towards the public. Put differently, the City was aware of this pattern of excessive force by some or all of the individual defendants, yet, upon information and

belief, made no effort to modify, increase, supplement, or otherwise intensify the defendants' supervision, or otherwise ensure that they would not engage in such blatant misconduct.

80.     The City of New York's refusal to impose any discipline, to conduct any meaningful investigation, or to otherwise express even the slightest scintilla of concern that the individual defendants were prone to unnecessary and unjustifiable violence was a clear and unequivocal endorsement of the defendants' misconduct that could only be understood as a ratification of this past misconduct that encouraged the defendants to continue to engage in such misuses of force.

81.     Such actions by the City of New York are a reflection of the municipal defendant's repeated an untenable abdication of its responsibility to supervise and discipline its employees, and to otherwise protect the public from officers the NYPD knows are a threat to the public's safety and well being, and evince a complete disregard and deliberate indifference to the rights and welfare of those with whom these officers, and the defendants in particular, interact.

82.     These actions further reflect a policy, custom, and practice, or a ratification through a demonstrated failure to act to curtail such behavior, and thus the aforesaid policies, procedures, regulations, practices and/or customs of the municipal defendant were, collectively and individually, a substantial factor in bringing about the aforesaid constitutional violations by the individual defendants.

83.     The City's abdication of its duty to supervise its police officers, and its tacit, if not overt, endorsement of excessive force and similar misconduct, reflects the City's deliberate indifference to the established risks that such conduct poses to the public at large.

84.     The City's failure to act in the fact of overwhelming evidence that the defendants were prone to misconduct against civilians is evidence of its deliberate indifference to the individual defendants' demonstrated pattern of behavior, and the very real risk that they would continue to engage in constitutional violations, such as the assault that they eventually committed against plaintiff.

85.     By reason thereof, the municipal defendant has violated 42 U.S.C. § 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against defendants jointly and severally as follows:

(a)     Actual and punitive damages against the individual defendants in an amount to be determined at trial;

(b)     Actual damages in an amount to be determined at trial against the City of New York;

(c)     Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and New York common law, disbursements, and costs of the action; and

(d)     Such other relief as the Court deems just and proper.

DATED:     November 21, 2019
           Brooklyn, New York


*Amy Rameau*
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*


TO:     All Defendants
        Corporation Counsel of the City of New York

14