UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
IKEEM FOWLER-WASHINGTON,

                Plaintiff,                            **FIRST       AMENDED COMPLAINT AND JURY DEMAND**

                -against-

THE CITY OF NEW YORK, LAWRENCE AVVENIRE,       19 CV 6590 (KAM)(JO)
KAI BABB, DERRICK COLEMAN, RODERICK
DANTINI, BRIAN DONOGHUE, THOMAS GAGLIARDI,
JAMES GEISSLER, SHAWN HAYES, VINCENT HOOSACK,
STEVEN HUMBURG, JASON MAYO, JAIPAUL RAMDAT,
DEREK SAMBOLIN, JAMES SGAGLIONE, TIMOTHY
TERRILLION, MICHAEL TIERNEY,


                Defendants.
----------------------------------------------------------X

       The Plaintiff, IKEEM FOWLER-WASHINGTON, by his attorney, The

Rameau Law Firm, alleges the following, upon information and belief for this

First Amended Complaint:

## INTRODUCTION

       1.     This is a civil rights action for money damages brought pursuant to

42 U.S.C. §§ 1983 and 1988 against the individual police officers identified

herein and their employer, the City of New York.

## PARTIES, VENUE AND JURISDICTION

       2.     Plaintiff IKEEM FOWLER-WASHINGTON is a resident of Kings

County in the City and State of New York and of proper age to commence this

lawsuit.

3.      Defendant Detective Lawrence Avvenire, Shield No. 1049 ("Avvenire"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Avvenire is sued in his individual and official capacities.

4.      Defendant Avvenire at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's constitutional rights.

5.      Defendant Police Officer Kai Babb, Shield No. 25242 ("Babb"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Babb is sued in his individual and official capacities.

6.      Defendant Babb at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's constitutional rights.

7.      Defendant Detective Derrick Coleman, Shield No. 4140 ("Coleman"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Coleman is sued in his individual and official capacities.

8.      Defendant Coleman at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's constitutional rights.

9.      Defendant Detective Roderick Dantini, ("Dantini"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Dantini is sued in his individual and official capacities.

10.     Defendant Dantini at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's constitutional rights.

11.     Defendant Lieutenant Brian Donoghue, ("Donoghue"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Donoghue is sued in his individual and official capacities.

12.     Defendant Donoghue at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's constitutional rights.

13.     Defendant Sergeant Thomas Gagliardi, ("Gagliardi"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Gagliardi is sued in his individual and official capacities.

14.     Defendant Gagliardi at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's constitutional rights.

15.     Defendant Sergeant James Geissler, ("Geissler"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Geissler is sued in his individual and official capacities.

16.     Defendant Geissler at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's constitutional rights.

17.     Defendant Detective Shawn Hayes, ("Hayes"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Hayes is sued in his individual and official capacities.

18.     Defendant Hayes at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's constitutional rights.

19.     Defendant Detective Vincent Hoosack, Shield No. 3958, ("Hoosack"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Hoosack is sued in his individual and official capacities.

20.     Defendant Hoosack at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's constitutional rights.

21.     Defendant Police Officer Steven Humburg, ("Humburg"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Humburg is sued in his individual and official capacities.

22.     Defendant Humburg at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's constitutional rights.

23.     Defendant Police Officer Jason Mayo, Shield No. 10258, ("Mayo"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Mayo is sued in his individual and official capacities.

24.     Defendant Mayo at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's constitutional rights.

25.     Defendant Detective Jaipaul Ramdat, Shield No. 5369, ("Ramdat"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ramdat is sued in his individual and official capacities.

26.     Defendant Ramdat at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's constitutional rights.

27.     Defendant Detective Derek Sambolin, Shield No. 6902, ("Sambolin"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Sambolin is sued in his individual and official capacities.

28.     Defendant Sambolin at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's constitutional rights.

29.     Defendant Detective James Sgaglione, Shield No. 5742, ("Sgaglione"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Sgaglione is sued in his individual and official capacities.

30.     Defendant Sgaglione at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's constitutional rights.

31.     Defendant Police Officer Timothy Terrillion, Shield No. 16174, ("Terrillion"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Terrillion is sued in his individual and official capacities.

32.     Defendant Terrillion at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's constitutional rights.

33.     Defendant Police Officer Michael Tierney, Shield No. 24449, ("Tierney"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Tierney is sued in his individual and official capacities.

34.     Defendant Tierney at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's constitutional rights.

35.     At all relevant times hereinafter mentioned, Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and its employees.

36.     At all relevant times hereinafter mentioned, defendants John Does One through Ten were individuals employed by the City of New York as members of the NYPD whose actual and complete identities are not known to plaintiff at this time. The Doe defendants are sued herein in their individual and official capacities.

37.     This Court has subject matter jurisdiction over the federal claims pursuant to 42 U.S.C. §1983.

38.     Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## FACTUAL ALLEGATIONS

39.     Plaintiff is an African-American male.

40.     On or about December 16, 2017, at approximately 6:00 a.m., plaintiff was inside his home at 14-30 Red Fern Avenue, apartment 1E, in the County of Queens, City and State of New York.

41.     Plaintiff was in bed sleeping when defendants attacked plaintiff.

42.     The defendants hit Plaintiff about his face with an object and struck Plaintiff's body numerous times causing plaintiff severe pain and disfigurement.

43.     Plaintiff bled and asked for medical assistance.

44.     Plaintiff was denied medical assistance for some time.

45.     Plaintiff was then transported to Jamaica Hospital where his injuries were assessed and treated.

46.     Several stitches were applied to seal deep gashes on Plaintiff's face.

47.     The defendants transported plaintiff to a police precinct.

48.     When at the precinct, plaintiff bled profusely.

49.     Plaintiff was later transported to Central Booking.

50.     At Central Booking, plaintiff was arraigned on various charges based on fabricated claims by one or more defendants.

7

51.     As a result of the Defendants' actions, Plaintiff suffered loss of liberty, loss of reputation, mental, physical and emotional harm of a permanent nature.

52.     At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

53.     At no point in time was it reasonable or necessary to use any force against the plaintiff, much less the force that was actually used, nor could a reasonable officer have believed that the use of such force was reasonable or necessary.

54.     At all relevant times herein, the defendants were on duty and acting within the scope of their employment.

55.     At all relevant times herein, each of the individual defendants participated directly in the assault on plaintiff and the affirmative efforts to cover up that assault thereafter.

56.     The defendants attempted to cover up their use of excessive force by lying about their actions even though no probable cause existed for plaintiff's arrest.

57.     To the extent that any of the defendants did not participate personally in this misconduct and assault on plaintiff, each such defendant was aware of the misconduct, yet failed to take any reasonable steps or make any

reasonable effort to prevent or limit such misconduct from occurring or continuing.

58. Thus, each defendant is responsible for the assault on plaintiff and the subsequent cover up both for his direct participation in this conduct and his failure to intervene in his co-defendants' misconduct.

59. In so doing, the individual defendants engaged in a joint venture and assisted each other in performing the various actions described, and lent each other their physical presence and support, as well as the authority of their office during these events.

## FIRST CLAIM FOR RELIEF
## §1983 CLAIM AGAINST THE INDIVIDUAL DEFENDANTS

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. The defendants, individually and collectively, used physical force against plaintiff that was unreasonable and unnecessary, and wholly without justification.

62. The defendants further failed to intervene in each other's misconduct, and then affirmatively sought to cover up said misconduct by lying about the excessive force, the failure to intervene, and the falsified version of the facts surrounding the arrest of plaintiff.

63. To the extent that any one of the individual defendants did not personally engage in the use of force against plaintiff or the fabrication of evidence concerning plaintiff's arrest, or any of the other unconstitutional

conduct alleged herein, he or she witnessed this conduct as it occurred, was aware that it was occurring or would occur, had an ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

64.     By so doing, the individual defendants subjected plaintiff to excessive force and thereby violated, and aided and abetted in the violation of, plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

65.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## SECOND CLAIM FOR RELIEF
## UNREASONABLE FORCE UNDER 42 U.S.C. § 1983

66.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67.     Defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

68.      As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

69.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**THIRD CLAIM FOR RELIEF**
**FAILURE TO INTERVENE**

70.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

71.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

72.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

73.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FOURTH CLAIM FOR RELIEF**
**DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL**

74.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

75.     The individual defendants created false evidence against Plaintiffs.

76.     The Individual defendant forwarded false evidence to prosecutors in the Queens County District Attorney's office.

77.     In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated Plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

11

78.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff demands judgment against defendants jointly and severally as follows:

(a)     Actual and punitive damages against the individual defendants in an amount to be determined at trial;

(b)     Actual damages in an amount to be determined at trial against the City of New York;

(c)     Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and New York common law, disbursements, and costs of the action; and

(d)     Such other relief as the Court deems just and proper.

DATED:     Brooklyn, New York
           May 4, 2020

_____
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

12

*Attorney for Plaintiff*

TO:        All Defendants
              Corporation Counsel of the City of New York