```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
IKEEM FOWLER-WASHINGTON,

                    Plaintiff,                MEMORANDUM AND ORDER

        v.                                    19-CV-6590(KAM)(JO)

CITY OF NEW YORK, et al.,

                    Defendants.
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

        This is a civil rights action brought pursuant to 42 U.S.C. §§ 1983 and 1988 in which the plaintiff, Ikeem Fowler-Washington ("Plaintiff"), alleges that police officers from the New York City Police Department ("NYPD") used excessive force while arresting him at his home in 2017.[1]  Presently before the court are Defendants' objections to discovery orders dated August 12 and September 2, 2020 issued by Magistrate Judge James Orenstein, which directed Defendants to produce various personnel records concerning the NYPD officers who are named as defendants.  (ECF No. 47, Motion to Set Aside.)

        For the reasons that follow, Defendants' objections are granted in part and denied in part.  The personnel records requested by Plaintiff regarding the named defendants' work and disciplinary history at the NYPD are relevant and were properly

---

[1] The named defendants in this action are the City of New York and several NYPD officers and detectives (collectively, "Defendants").

1

ordered to be produced under the terms of a protective order, but Defendants are permitted to redact the records to protect certain limited categories of private information described below.

## Background

Plaintiff alleges that on December 16, 2017, NYPD officers entered his home at 6:00 a.m. while he was sleeping, and used excessive physical force prior to arresting him. (ECF No. 14, Amended Complaint, ¶¶ 40-41.) Plaintiff alleges that the officers hit him in his face with an object, causing "deep gashes" that required stitches, and also struck multiple blows to his body. (*Id.* ¶¶ 42-46.)

On August 3, 2020, Plaintiff filed a motion seeking to compel discovery of "all of the documents and materials in [Defendants'] possession concerning the personnel records of the defendants including but not limited to CCRB records, IAB records, performance evaluations, records of disciplinary proceedings, [and] Chief of Department records, in light of the recent repeal of Civil Rights Law 50a."[2] (ECF No. 35, Motion for Discovery, at 1.) Defendants opposed the motion, insofar as it sought unredacted records. (*See* ECF No. 36, Response in Opposition.) Magistrate Judge Orenstein held a status

---

[2] New York Civil Rights Law § 50-a ("Section 50-a") was a state law that barred public access to police officer's disciplinary and personnel records. Its repeal was signed by New York Governor Andrew Cuomo on June 12, 2020.

2

conference on August 12, 2020, at which he granted the motion to compel discovery and ordered that the records be produced by August 19, "subject to the parties' agreement that social security numbers and birth dates will be kept confidential and available for review only by counsel." (ECF No. 37, Minute Entry.)

Following Magistrate Judge Orenstein's initial ruling, Defendants sought a stay of his order until Defendants filed objections to it pursuant to Federal Rule of Civil Procedure 72 ("Rule 72"). (ECF No. 38, Motion to Stay.) Magistrate Judge Orenstein granted in part and denied in part the motion to stay, ordering that the records still had to be produced by August 19, but that production of the records would be subject to Defendants' proposed stipulation of confidentiality and protective order (to which Plaintiff had not yet agreed) until a ruling was issued on Defendants' objections. (ECF Dkt. Order Aug. 18, 2020.) Defendants complied and produced the records. The proposed stipulation and protective order required, *inter alia*, Plaintiff's counsel to "keep confidential for 'attorney's eyes only' names, addresses, telephone numbers, social security numbers, dates of birth, and other identifying personal information" that was contained in the records. (ECF No. 40, Proposed Stipulation of Confidentiality, ¶ 5.)

3

On August 26, 2020, Defendants filed a request for a pre-motion conference that was misdirected to the undersigned, rather than to Magistrate Judge Orenstein, to discuss an "anticipated motion for reconsideration of Judge Orenstein's August 12, 2020 Order." (ECF No. 43, Motion for Pre-Motion Conference, at 1.) The court denied the motion without prejudice on procedural grounds, because Defendants were seeking reconsideration before the undersigned of Magistrate Judge Orenstein's August 12, 2020 order (rather than filing objections with the undersigned under Rule 72). (ECF Dkt. Order Aug. 31, 2020.) Defendants then filed a motion for reconsideration directed to Magistrate Judge Orenstein (ECF No. 44, Motion for Reconsideration), which he denied on September 2, 2020, finding that Defendants "ha[d] not established that in making the challenged ruling [he] overlooked any matters or controlling decisions." (ECF Dkt. Order Sept. 2, 2020.)

On September 16, 2020, Defendants filed the instant objections, and on September 17, Defendants filed a supplemental letter in support of their objections. (ECF No. 47, Motion to Set Aside; *see* ECF No. 48, Defendants' Memorandum in Support ("Mem."; ECF No. 49, Supplemental Letter in Support ("Supp. Let.").) Plaintiff responded in opposition to the objections. (ECF No. 50, Response in Opposition ("Opp.").)

4

**Legal Standard**

Under Rule 72, "[a] party may serve and file objections to [a magistrate judge's non-dispositive] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "[T]he magistrate judge's findings should not be rejected merely because the court would have decided the matter differently." *Alvarado v. City of New York*, No. 04-cv-2558, 2009 WL 510813, at *1 (E.D.N.Y. Feb. 27, 2009) (Mauskopf, C.J.). Rather, under the "clearly erroneous" or "contrary to law" standard, the "court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.*

**Discussion**

I.  Timeliness of Objections

As an initial matter, Plaintiff argues that Defendants' objections are untimely, given that the initial order to which Defendants object was issued by Magistrate Judge Orenstein on August 12, but Defendants did not file the instant objections until September 16. (Opp. at 3.) The court finds that Defendants' objections are timely for two reasons. First, though misdirected to the undersigned and erroneously

5

characterized as an effort to seek a pre-motion conference, rather than as objections to Magistrate Judge Orenstein's order, the pre-motion conference request cited Rule 72 and was filed on August 26, which was 14 days after Magistrate Judge Orenstein's initial August 12 order.  The court denied that request without prejudice because it indicated that Defendants sought leave to move for reconsideration, a request that should have been directed to the judge issuing the order, but Defendants' request still notified the court of Defendants' general intention to file objections under Rule 72, and did so within 14 days of the August 12 order.  Second, as advised, Defendants moved for reconsideration before Magistrate Judge Orenstein on September 1, 2020 (ECF No. 44, Motion for Reconsideration), Magistrate Judge Orenstein denied that motion on the merits by docket order on September 2, 2020, and Defendants then filed the instant objections within 14 days of that denial.[3]  The court will therefore consider objections to Magistrate Judge Orenstein's denial of the motion for reconsideration, even though doing so requires the court to also review his original August 12 order.

---

[3] Plaintiff argues that Magistrate Judge Orenstein's order denying the motion for reconsideration found that the order was "moot," and thus Defendants are effectively filing objections to only the August 12 order.  (Opp. at 3.)  However, Magistrate Judge Orenstein's September 2 order found that a separate motion to extend discovery filed by Defendants was moot, but denied the motion for reconsideration on the merits because Defendants did not point to any matters or controlling law he overlooked.  (*See* ECF Dkt. Order Sept. 2, 2020.)

6

The court will turn to the merits of Defendants' objections and assess whether Magistrate Judge Orenstein's discovery orders were "clearly erroneous" or "contrary to law."

## II. Discoverability of Police Personnel Records

Under Federal Rule of Civil Procedure 26 ("Rule 26"), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Because of the interest in broad discovery, the party opposing the discovery of relevant information, whether through a privilege or protective order, bears the burden of showing that based on the balance of interests the information should not be disclosed." *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004).

There is no doubt that the personnel records regarding the NYPD work histories of the officers involved in the alleged incident giving rise to this lawsuit are relevant, and are thus discoverable under Rule 26. Any disciplinary matters, CCRB complaints, past accusations of excessive force (whether exonerated, unsubstantiated, or unfounded), or other wrongdoing implicating the honesty of the defendant officers would clearly be relevant to Plaintiff's allegations. *See id.* at 254 (a "plaintiff will be able to investigate the defendant's prior conduct as an officer"). The extent to which such records will

7

be admissible at trial is a question for another day. The question before the court, which is one under Rule 26, is merely whether the records are *relevant* to a claim or defense.

Moreover, by repealing Section 50-a, the State of New York has legislatively required that police officers' personnel records should be available to the public. Plaintiff directs the court's attention to a filing made by the City of New York in a case in the Southern District of New York in which the police union sought to enjoin the release of personnel records, and the City urged disclosure in light of the repeal of Section 50-a and "the clear intent of that legislative action, which was to increase transparency by permitting the disclosure of . . . disciplinary records (unsubstantiated, exonerated, and unfounded allegations) . . . ." (Opp., Ex. 1 at 1.)

If police personnel records are available to the public, they are certainly available to civil rights plaintiffs if relevant to the litigation under Rule 26.

### III. Need for Redactions

Determining that the records are discoverable does not end the inquiry, because the right to obtain police officers' personal information is not unlimited. Indeed, Magistrate Judge Orenstein's initial order to produce the documents required that "social security numbers and birth dates will be kept confidential and available for review only by counsel." (ECF

8

Dkt. Order Aug. 12, 2020.) Subsequently, Magistrate Judge Orenstein ordered that the records be produced pursuant to Defendants' proposed stipulation of confidentiality and protective order, which restricted the following personal information to attorney's eyes only for use in the instant action: "names, addresses, telephone numbers, social security numbers, dates of birth, and other identifying personal information of witnesses . . . ." (ECF Dkt. Order, Aug. 18, 2020; ECF No. 40, Proposed Stipulation of Confidentiality, ¶ 5.)

Defendants assert that the records that were produced pursuant to Magistrate Judge Orenstein's orders contain unredacted personal identifying information, including "social security numbers, pension information, spousal identifying information, religious affiliations, home addresses, phone numbers, and photos" (Mem. at 6.), the disclosure of which in unredacted form is contrary to the body of law governing production of police officers' records. The court agrees that such information should not be disclosed.

In his well-reasoned opinion on this topic in *King v. Conde*, Judge Jack B. Weinstein wrote that "plaintiffs in federal civil rights actions are presumptively entitled to . . . documents on prior complaints and police history," "*except for reasonable redactions of names and addresses to protect privacy* . . . ." 121 F.R.D. 180, 198 (E.D.N.Y. 1988) (emphasis added).

9

Courts in this circuit have subsequently followed Judge Weinstein's guidance, and ordered redactions of police officers' records to protect their privacy where the information was not relevant to the plaintiff's claims. *See Cody v. New York State Div. of State Police*, No. 07-cv-3735, 2008 WL 3252081, at *4 (E.D.N.Y. July 31, 2008) ("any information of a personal nature, such as social security numbers, personal telephone numbers, and home addresses should be permitted redact[ed]"); *Collens*, 222 F.R.D. at 254 ("[D]isclosure of an officer's home address may be required in individual cases where there is a need for such disclosure," but "in this case the plaintiff's interests in obtaining the officer's home address are extremely weak.").

Plaintiff argues, without citing any authority, that defendants in civil rights actions routinely use personal identifying information of plaintiffs to conduct thorough investigations into the plaintiff's background. (*See* Opp. at 6.) It is only fair, Plaintiff avers, that plaintiffs also be allowed to investigate the defendant officers' backgrounds. (*Id.*) However, Plaintiff has not identified how social security numbers, birth dates, home addresses, or other personal information is relevant to his case, or would lead to the discovery of information relevant to any claims or defenses. Plaintiff has a right to the officers' records to the extent they show past performance as an NYPD officer, including

10

misconduct or discipline. But there is no right in civil litigation, even under the broad discovery obligations imposed by Rule 26, to gain access to private information, such as social security numbers, home addresses, the or names of family members, that is not otherwise relevant to an officer's performance on the job.

The recent repeal of Section 50-a does not alter this analysis. Though the repeal of Section 50-a allows the public to access certain records, New York's Freedom of Information Law requires redaction of a police officer's social security number, home address, personal telephone numbers and email addresses, and medical history. N.Y. Pub. Off. Law §§ 87(4-a); 89(2-b). Because Plaintiff has not articulated a clear basis for how extensive personal information would be relevant, and federal courts have long recognized a need to protect police officers' private information, the production of records in this case should have excluded or redacted certain personal identifying information.

For purposes of applying this Memorandum and Order, Defendants should redact personal identifying information *only* if it falls into one of the following categories: social security numbers, dates of birth, home addresses, and the names

11

of family members.[4]  In addition, the redacted records that are produced shall continue to be restricted to attorney's eyes only.

If Plaintiff comes to believe that a particular piece of personal identifying information that was redacted would be relevant to his claims, Plaintiff may file a motion, directed to the magistrate judge, to compel production of that specific piece of information.

\* \* \*

Finally, the court will take a moment to directly address the gravamen of Defendants' argument.  Defendants cited in their objections an article about the recent shooting of two police officers in Los Angeles as an example demonstrating "that law enforcement is under siege." (Mem. at 14.)  Two days after filing their objections, Defendants filed a supplemental letter, notifying the court of an attack on a police officer at his home in New Jersey that, according to Defendants, was an example of "law enforcement officers' personal information such as home addresses . . . being used so that acts of violence can be carried out against them.  (Supp. Let. at 1.)

---

[4] The court finds that social security numbers, dates of birth, home addresses, and the names of family members are the most sensitive categories of information of all the personal information that Defendants contend are contained in the records, and that information may be redacted.  Personal telephone numbers, email addresses, medical information, and other personal identifying information should not be redacted, but is restricted to attorney's eyes only.

12

Any act of violence against a police officer, or any public official, is unwarranted and tragic. The court notes, however, that Defendants have made no showing of how the disclosure of records pertaining to the police officer defendants in this matter, to a single plaintiff's attorney under an "attorney's eyes only" protective order forbidding the disclosure of any of the officers' personal information, is in any way linked to these heinous crimes in California and New Jersey. The court appreciates and understands the City of New York's desire to protect the safety of its police officers, as all citizens should. But Defendants' insinuation that the records produced here could lead to similar violent acts against these officers because, as Defendants put it, "information gets leaked" (Mem. at 13), was misguided, and can only inflame an already difficult situation in this city.

Defendants ask this court to "order [P]laintiff's counsel to certify that she has not disclosed any of the defendants' [personal identifying information] documents to anyone – including, without limitation, [P]laintiff or members of the plaintiffs' bar." (*Id.*) Any such disclosure would have violated the protective order of Magistrate Judge Orenstein and would be subject to contempt. The court need not separately order Plaintiff's counsel to comply with a court order; complying with court orders is expected of all counsel in all

13

cases, and any violation will result in sanctions or other measures.

## Conclusion

For the foregoing reasons, Defendants' requests that the court set aside the orders of August 12, 2020 and September 2, 2020 are GRANTED. In addition, Plaintiff's counsel is ORDERED to promptly destroy or return all copies of the records that were produced in unredacted form pursuant to those orders, and to certify as an officer of the court that she has done so. Defendants are ORDERED to produce the same records, with redactions of social security numbers, dates of birth, home addresses, and the names of family members, by no later than October 16, 2020. The remainder of Defendants' objections and requests are DENIED.

**SO ORDERED.**

Dated:     Brooklyn, New York
           October 5, 2020

                                                      /s/
                                      Hon. Kiyo A. Matsumoto
                                      United States District Judge